**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CASON BARTON,

    Petitioner,

v.                                          Case No. 3:19-cv-589-J-32JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et. al.,

    Respondents.

## ORDER

Petitioner, Cason Barton, an inmate in the Jacksonville Sheriff's Office Pretrial Detention Facility, initiated this action by filing a letter titled "Notice of Ineffective Counsel at Trial." Doc. 1. The letter is addressed to "[the] Attorney General and [the] Honorable Judge Flower[]," and Petitioner notes that he wishes "to appeal." Id. He claims that his trial counsel was ineffective for failing to engage in discovery prior to trial. Id.

Petitioner does not provide any information about an underlying state court conviction. However, a review of Petitioner's state court (Duval County, Florida) dockets reveal that Petitioner is currently serving a 180-day term of incarceration for an April 1, 2019, misdemeanor conviction. See State v. Barton, 16-2018-MM-20319 (Cty. Ct., Fla. 4th Cir.). Petitioner did not seek a direct appeal and as of the date of this Order, he has not filed any postconviction motions in state court. Id. He is also awaiting disposition of pending state felony charges. See State v. Barton, 16-2019-CF-

2040 (Cir. Ct., Fla. 4th Cir.).

It is unclear whether Petitioner actually intended to file a case with this Court or whether he was attempting to seek an appeal of his misdemeanor conviction. If he did intend to file a federal habeas case, Petitioner has bypassed his state court remedies. See 28 U.S.C. § 2254(b), (c) (before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction). Regardless, Petitioner's letter does not properly initiate a habeas corpus case in this Court. See Woodford v. Garceau, 538 U.S. 202, 208 (2003) (concluding that a "habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case.").

To the extent he seeks to challenge his pending felony charges, the Court will abstain from interfering with those state court proceedings.

It is, therefore,

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 28th day of May 2019.

TIMOTHY J. CORRIGAN
United States District Judge

2

Jax-7

C: Cason Barton, #2018032770